UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BEVERLY WELCOME, | ) | No.  CV 05-4748-PJW |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is an appeal from a denial of benefits by the Social Security Administration (hereinafter "the Agency").  Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he misinterpreted the consulting doctor's opinion and concluded that Plaintiff could work in an environment that did not contain significant dust and pollutants.  For the reasons set forth below, the Court agrees with Plaintiff and reverses the ALJ's decision and remands the case to the Agency for further proceedings.

In June 2002, Plaintiff filed claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"), alleging, among other things, that she could not work because she had asthma. The Agency sent her to a doctor to examine her and offer an opinion

about her condition.  The doctor determined that Plaintiff had asthma, but that she "should be able to engage in activities in a *dust and pollutant free* atmosphere."  (Administrative Record ("AR") 275 (emphasis added).)  The ALJ accepted the consulting doctor's opinion, but interpreted it to mean that Plaintiff was restricted from working in environments with "*significant dust and pollution*."  (AR 26 (emphasis added).)  Based on the ALJ's interpretation of the consulting examiner's opinion that Plaintiff could work in environments with some dust and pollution, he relied on the Medical Vocational Guidelines (the "Grids") to conclude that Plaintiff could work.  (AR 26-27.)

   Plaintiff challenges the ALJ's decision.  She complains that the ALJ's finding that Plaintiff could work in an environment with some dust and pollution is materially different from the consulting doctor's opinion that Plaintiff could only work in an environment with no dust and pollution.  (Joint Stipulation at 5.)  The Court agrees. A restriction on a working environment that is free from dust and pollution is different from a restriction on an environment that does not have significant dust and pollution.  The Court bases this finding on the plain meaning of those words.  In addition, the Agency has reached the same conclusion in Social Security Ruling ("SSR") 85-15, which the ALJ relied on in reaching his decision.  (AR 15.)  Under SSR 85-15:

> Where a person has a medical restriction to avoid excessive amounts of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc.

1         Where an individual can tolerate very little noise, dust, etc.,
2         the impact on the ability to work would be considerable because
3         very few job environments are entirely free of irritants,
4         pollutants, and other potentially damaging conditions.
5   (SSR 85-15.)
6         The Agency contends that reversal is not necessary here.  It
7   argues that the Grids already account for some restrictions and the
8   restrictions at issue here typically do not significantly affect the
9   range of work a person can do.  (Joint Stipulation at 10-11.)  Though
10  the Agency's general statement regarding the Grids is accurate, the
11  case before the Court is not a hypothetical or typical case.  It
12  contains concrete facts, namely, the consulting doctor concluded that
13  Plaintiff should be in an environment free from dust and pollutants
14  and the ALJ misconstrued that to mean significant dust and pollutants.
15  These are different.  Importantly, the ALJ cites no basis for
16  departing from the consulting doctor's opinion and reaching his own
17  conclusion on this issue.  This is not allowed.  *See* SSR 96-8P ("The
18  [residual functional capacity] assessment must always consider and
19  address medical source opinions.  If the [residual functional
20  capacity] assessment conflicts with an opinion from a medical source,
21  the adjudicator must explain why the opinion was not adopted.")
22        The ALJ erred when he concluded that Plaintiff could work in an
23  environment that did not contain significant dust and pollutants.  On
24  remand, he must either justify his finding that Plaintiff is limited
25  to only significant dust and pollutants, or change Plaintiff's
26  residual functional capacity to preclude any dust and pollutants.
27  Thereafter, the ALJ should determine whether Plaintiff can work
28  despite the environmental limitations found by the ALJ.

1   For the reasons set forth above, the Agency's decision denying
2 Plaintiff's application for benefits is reversed and the case is
3 remanded to the Agency for further proceedings consistent with this
4 opinion.

6   DATED:    March  13 , 2007.

8                                    _____
                                     PATRICK J. WALSH
9                                    UNITED STATES MAGISTRATE JUDGE

28 S:\PJW\Cases-Soc Sec\WELCOME, B\Memo_Opinion_Ord.wpd